UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JAMES M. VAN EPEREN,            )
     Plaintiff,                 )
                                )
          v.                    )   C.A. NO. 14-13008-MAP
                                )
MASSACHUSETTS MUTUAL LIFE       )
INSURANCE CO., et al.,          )
     Defendants.                )
_____
                                
MASSACHUSETTS MUTUAL LIFE       )
INSURANCE CO.,                  )
     Counterclaim Plaintiff,    )
                                )
          v.                    )
                                )
JAMES M. VAN EPEREN, et al.,    )
     Counterclaim Defendants.   )
```

MEMORANDUM AND ORDER RE:
REPORT AND RECOMMENDATION REGARDING
COUNTERCLAIM DEFENDANT RITA HILL'S MOTION TO DISMISS
(Dkt. Nos. 85 & 125)

May 31, 2017

PONSOR, U.S.D.J.

Plaintiff and Counterclaim Defendant James M. Van Eperen ("Van Eperen") was a general agent for Defendant and Counterclaim Plaintiff Massachusetts Mutual Life Insurance Co. ("MassMutual"). Van Eperen has sued MassMutual and certain affiliates, claiming that MassMutual wrongfully terminated him, refused to pay him wages and compensation owed to him, and damaged him by violating certain federal and state laws. He also claims breach of contract, breach

of the covenant of good faith and fair dealing, defamation, and a number of other common law torts.

MassMutual denies Van Eperen's allegations and has filed a counterclaim against him and an associate, Rita Hill, a resident of Tennessee. Hill has moved to dismiss MassMutual's counterclaim for lack of personal jurisdiction, improper venue, insufficient service of process, failure to state a claim, and violation of the statute of limitations.

This court referred Hill's motion to Magistrate Judge Katherine A. Robertson for a report and recommendation. On February 28, 2017, Judge Robertson issued her Report and Recommendation (Dkt. No. 125), to the effect that the motion should be denied. After three extensions, Hill has failed to file any timely objections to the Report and Recommendation, and it is now before the court.

For the reasons set forth below, the court will adopt Judge Robertson's Report and Recommendation and will deny Hill's Motion to Dismiss.

The meticulous presentation of the facts and penetrating analysis of the issues raised by the Motion to Dismiss in the Report and Recommendation make protracted discussion here superfluous. None of the arguments offered by Hill supports dismissal.

With regard to personal jurisdiction, as the Report and

Recommendation makes clear, MassMutual's claims against Hill easily satisfy the three analytical prerequisites identified by the First Circuit: relatedness, purposeful availment, and reasonableness. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009). The injury that MassMutual alleges it suffered clearly occurred in Massachusetts. Hill purposely availed herself of a relationship with MassMutual, knowing that it was located in Springfield. MassMutual did not reach out to Hill, but Hill affirmatively sought a relationship with MassMutual, knowing that its headquarters were located in Springfield. Finally, so-called "gestalt" factors all support the reasonableness of exercise of personal jurisdiction in this court. Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 150 (1st Cir. 1995).

Moreover, venue in this jurisdiction cannot be said to be improper. No unusual burden will fall upon Plaintiff. All the additional considerations to be weighed in considering venue tilt towards Massachusetts, or at least not significantly away from it.

For the reasons stated in the Report and Recommendation, there has been no improper joinder. (See Dkt. No. 125 at 29-31.)

All of the claims asserted by MassMutual offer specific allegations sufficient to overcome Hill's Motion to Dismiss

based on a failure to state a claim.  Even the additional requirements applicable to averments of fraud are satisfied by the very specific allegations made by MassMutual and summarized in the Report and Recommendation.  As noted, Hill's alleged misrepresentations about the nature of the insurance policy she was selling, her deliberate concealment of persons whom she was sharing commissions with, and the loss by MassMutual of in excess of $6 million are sufficient to demonstrate fraud, negligent misrepresentation, fraud in the inducement, and civil conspiracy.

At least at this stage, Hill's argument based on the statute of limitations is not sufficiently strong to deprive MassMutual of the opportunity for discovery.

For all these reasons, and without any objection from Hill, upon <u>de novo</u> review, the court hereby ADOPTS the Report and Recommendation (Dkt. No. 125).  Based upon this, the court hereby DENIES Hill's Motion to Dismiss (Dkt. No. 85).  A copy of Judge Robertson's Report and Recommendation will be appended to this Memorandum as Exhibit A. The next phase of this case will unfold according to the schedule set forth in Judge Robertson's Scheduling Order, issued on May 8, 2017 (Dkt. No. 136).

It is So Ordered.

/s/ Michael A. Ponsor
                             MICHAEL A. PONSOR
                             U. S. District Judge